# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 4023 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On April 17, 2015, Plaintiff Charles Jones filed a five-count First Amended Complaint against Defendants City of Chicago and certain Chicago police officers, including Defendant Gary Olson, alleging constitutional violations, along with supplemental state law claims. *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court is Defendants Olson's and the City's motion for partial summary judgment as to Count I of the First Amended Complaint brought pursuant to Federal Rule of Civil Procedure 56(a). In Count I, Plaintiff alleges that Defendant Olson violated the Warrant Clause of the Fourth Amendment because prior to obtaining the search warrant executed on June 1, 2012 that led to Plaintiff's arrest, Defendant Olson failed to establish the cooperating individual's reliability and failed to sufficiently corroborate the cooperating individual's information. For the following reasons, the Court grants Defendants' motion.[1]

---

[1] The Court, in its discretion, denies Plaintiff's motion to strike Defendants' Local Rule 56.1(a)(3) Statement because the Court is satisfied that it has subject matter jurisdiction over this matter and that venue is proper, although Defendants failed to state these facts pursuant to Local Rule 56.1(a)(3)(B). Also, despite Defendants' failure to describe the parties under Local Rule 56.1(a)(3)(A), the Court denies Plaintiff's motion because Plaintiff does not explain how Defendants' failure prejudiced him. *See Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare,*

# BACKGROUND

Before obtaining the search warrant that Defendant Officers executed on June 1, 2012, in his capacity as a Chicago police officer assigned to the Gang Enforcement Division, Defendant Olson received information from a cooperating individual, referred to as "John Doe," regarding the sale of narcotics from a residence at 5645 S. Carpenter Street, Chicago, Illinois on May 31, 2012.  (R. 82, Defs.' Rule 56.1 Stmt. Facts ¶ 1.)  During their conversation, John Doe informed Defendant Olson that on May 30, 2012, he traveled to a two-story, orange brick, single family residence located at 5645 S. Carpenter Street with the intent to purchase heroin from an African-American male known as "Charles Jones."  (*Id*. ¶ 2.)  Also during this conversation, John Doe disclosed to Defendant Olson that he had been purchasing heroin from Charles Jones on a daily basis over the previous month.  (*Id*. ¶ 3.)  Further, John Doe told Defendant Olson that on May 30, 2012, when he went to the two-story, orange brick, single family residence located at 5645 S. Carpenter and knocked on the door, Charles Jones invited him to come inside.  (*Id*. ¶ 4.)  John Doe explained to Defendant Olson that after entering the residence, Charles Jones asked "How many you need?" and he responded, "Let me get two."  (*Id*. ¶ 5.)  Also, John Doe informed Defendant Olson that at that point, he handed Charles Jones $20.00 and waited in the front living room while Charles Jones entered a bedroom in the middle of the residence.  (*Id*.)  John Doe told Defendant Olson that after a few moments, Charles Jones returned from the bedroom holding a plastic sandwich bag that contained numerous smaller plastic bags, each containing a white powder-like substance that John Doe thought was heroin.  (*Id*. ¶ 6.)  After Charles Jones handed

---

*Inc.,* 800 F.3d 853, 858 (7th Cir. 2015) ("District courts are entitled to 'considerable discretion in interpreting and applying their local rules.'") (citation omitted).

him the two small bags, John Doe left the residence, tried the powder-like substance, and felt a euphoric high like he had in the past when he used heroin.  (*Id*. ¶¶ 7, 8.)  In addition, John Doe revealed to Defendant Olson that Charles Jones never turned him away from purchasing heroin when he went to the residence at 5645 S. Carpenter Street.  (*Id*. ¶ 9.)

After this May 31, 2012 conversation, Defendant Olson drove with John Doe past the two-story, orange brick, single family residence located at 5645 S. Carpenter Street, at which time John Doe pointed to the residence and stated that it was the location where he purchased heroin from Charles Jones on May 30, 2012 and in the past.  (*Id*. ¶¶ 10, 11.)  Defendant Olson then observed that the address sign on the front lawn of the residence listed the number "5645." (*Id*. ¶ 12.)  Thereafter, Defendant Olson retrieved a computerized photograph of Charles Jones and identifying information from the Illinois Department of Corrections website, and John Doe positively identified Charles Jones's photograph as the individual who sold him heroin on May 30, 2012 from the residence located at 5645 S. Carpenter Street.  (*Id*. ¶ 13.)

Based on this information, Defendant Olson thought that heroin was being stored and sold from the two-story, orange brick, single family residence at 5645 S. Carpenter.  (*Id*. ¶ 14.) Defendant Olson then requested that a search warrant be issued for Plaintiff and the residence located at 5645 S. Carpenter by preparing and presenting to a Circuit Court of Cook County judge a "Complaint for Search Warrant" that contained each of the aforementioned facts.  (*Id*. ¶ 15.)  Prior to the issuance of the search warrant, Defendant Olson and John Doe appeared before the Circuit Court judge for questioning where Defendant Olson presented and made available John Doe's criminal history, including possible pending investigations, to the Circuit Court judge.  (*Id*. ¶ 16.)  On May 31, 2012, after examining the facts in the "Complaint for Search

Warrant," the Circuit Court judge determined that it stated facts sufficient to show probable cause to authorize the search of Plaintiff and the residence located at 5645 S. Carpenter. (*Id.* ¶ 17.) The judge then signed and issued the search warrant on May 31, 2012. (*Id.* ¶ 18.)

At his deposition, Defendant Olson testified that he knew the cooperating individual referred to as "John Doe" for two to four years prior to John Doe providing the information underlying the May 31, 2012 search warrant. (R. 85-2, Ex. G., Olson Dep., at 28.) Defendant Olson further testified that he knew that John Doe had a criminal record and that he had used heroin. (*Id.* at 34, 78.) Also at his deposition, Defendant Olson explained that he considered John Doe's information about the residence at 5645 S. Carpenter Street reliable because he and John Doe drove past the property and that it was the same property John Doe had described. (*Id.* at 84.) Furthermore, Defendant Olson testified that he was confident that John Doe was reliable because John Doe had a proven success rate over the years Defendant Olson had worked with him. (*Id.* at 98, 113-14.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also Life Plans, Inc. v. Security Life of Denver Ins. Co.,* 800 F.3d 343, 349 (7th Cir. 2015). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167

L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "To survive summary judgment, the non-moving party must show evidence sufficient to establish every element that is essential to its claim and for which it will bear the burden of proof at trial." *Life Plans, Inc.*, 800 F.3d at 349.

## ANALYSIS

In Count I of the First Amended Complaint, Plaintiff alleges that Defendant Olson violated the Warrant Clause of the Fourth Amendment by failing to establish the cooperating individual's reliability and failing to sufficiently corroborate the individual's information when obtaining the search warrant that led to his arrest. By doing so, Plaintiff argues that Defendant Olson recklessly disregarded the truth when obtaining the search warrant, and thus the warrant lacked probable cause. *See Betker v. Gomez*, 692 F.3d 854, 862 (7th Cir. 2012) ("Statements that are both unreliable and uncorroborated do not support probable cause.").

"The Fourth Amendment requires that a warrant be supported by probable cause and that it describe, with particularity, the place to be searched and the items or persons to be seized." *Guzman v. City of Chicago*, 565 F.3d 393, 396 (7th Cir. 2009). "A search warrant affidavit establishes probable cause when it sets forth facts sufficient to induce a reasonably prudent person to believe that a search thereof will uncover evidence of a crime." *United States v. Gregory*, 795 F.3d 735, 741 (7th Cir. 2015). "When an application for a search warrant is

supported by an informant's tip, courts consider the totality of the circumstances to determine whether that information establishes probable cause for the search, including: (1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired firsthand knowledge of the events; (3) the amount of detail provided; (4) the amount of time between the date of the events and the application for the search warrant; and (5) whether the informant personally appeared before the judge issuing the warrant." *Id.*; *see also United States v. Glover*, 755 F.3d 811, 816 (7th Cir. 2014). "'[N]o one factor necessarily dooms a search warrant,'" and in "applying these factors, the reviewing court typically concerns itself only with the content of the affidavit to determine whether the warrant is facially valid." *Glover,* 755 F.3d at 816 (citation omitted); *see also United States v. Bell,* 585 F.3d 1045, 1049 (7th Cir. 2009) ("No one factor is dispositive, so a deficiency in some areas can be compensated by a stronger showing in others."). There is a presumption that an affidavit supporting a search warrant is valid, and thus to survive summary judgment, a plaintiff must "'provide evidence that the officers knowingly or intentionally or with a reckless disregard for the truth made false statements to the judicial officer' and show that 'the false statements were necessary to the judicial officer['s] determination[ ] that probable cause existed.'" *Suarez v. Town of Ogden Dunes, Ind.,* 581 F.3d 591, 596 (7th Cir. 2009) (citation omitted).

Turning to the totality of the circumstances factors, which focus on the informant's reliability, veracity, and basis of knowledge, *see Junkert v. Massey,* 610 F.3d 364, 368 (7th Cir. 2010), it is uncontested that Defendant Olson corroborated the information John Doe provided by driving by 5645 S. Carpenter Street, the residence where John Doe told Defendant Olson he had purchased narcotics from Charles Jones on a daily basis for a month, to perform an in-person

identification of the residence. Defendant Olson further corroborated the information John Doe provided by showing John Doe a photograph of Plaintiff, after which John Doe confirmed he was the individual from whom he had purchased narcotics at 5645 S. Carpenter Street over the course of the previous month. In addition, John Doe provided information based on his first-hand encounters and personal observations, including: (1) the address and description of the residence where he had purchased heroin on a daily basis for a month; (2) the first and last name of the individual from whom he had purchased the heroin; and (3) the specific manner in which he purchased heroin when he went to the residence at 5645 S. Carpenter Street. As to the next factor, the time lapse between John Doe's heroin purchase, conversation with Defendant Olson, and the Circuit Court judge's issuance of the search warrant was slight – a total of two days. Last, it is also undisputed that the cooperating individual appeared with Defendant Olson before the Circuit Court judge for questioning prior to the issuance of the search warrant. Thus, under the totality of the circumstances, Defendants have presented evidence that the search warrant – based on the cooperating individual's tips – was facially valid because it was based on reliable, corroborated information. *See United States v. Searcy,* 664 F.3d 1119, 1122-23 (7th Cir. 2011).

Plaintiff nonetheless argues that Defendant Olson recklessly disregarded the truth because he did not establish the reliability of John Doe on the face of the affidavit for the search warrant. More specifically, Plaintiff argues that "[r]ecent 7th Circuit cases discussed below have held that when there is no evidence in the affidavit to establish the reliability of the informant, there is no basis for the Court to find the cooperating individual reliable or to credit his account of the events." (R. 84, Pl.'s Resp. Brief, at 4-5.) Plaintiff's statement is not an accurate reading

of Seventh Circuit case law.[2]  To clarify, Plaintiff primarily relies on the Seventh Circuit's

opinion in *Glover*, in which the Seventh Circuit explained that "[c]ases that test the sufficiency

of affidavits for warrants obtained based on informants are highly fact-specific, but information

about the informant's credibility or potential bias is crucial."  *Id*. at 816.  In *Glover*, under the

totality of the circumstances test, the Seventh Circuit concluded that "the complete omission of

information regarding Doe's credibility is insurmountable," which included material omissions

regarding the informant's gang activity, criminal record, prior use of aliases to deceive police,

and his expectation of payment.  *See id.* at 817.  Such is not the case here because the

"Complaint for Search Warrant" unequivocally states that "J. Doe's criminal history, including

possible pending investigations, if any, ha[s] been presented and made available to the

undersigned judge."  (Defs.' Stmt. Facts ¶ 16.)  In addition, Defendant Olson and John Doe

appeared before the Circuit Court judge for questioning.  (*Id*.)  Indeed, Plaintiff's bare-boned

allegations that Defendant Olson withheld other "unsavory or incriminating facts" about John

Doe, such as his drug use, is not supported by the record, especially because it was clear on the

face of the "Complaint for Warrant" that John Doe purchased and personally used heroin during

the relevant time period.  Accordingly, Plaintiff's reading of *Glover* is misplaced because it fails

to recognize Supreme Court and Seventh Circuit precedent that directs district courts to apply a

totality of the circumstances analysis when an informant's tip is the basis for a search warrant,

---

[2]  Similarly, Plaintiff's assertion that a "cooperating individual about whom nothing is
known is not entitled to the presumption of reliability that can be accorded to a registered
informant" also misstates the case law he relies upon.  *See, e.g., United States v. Searcy,* 664
F.3d 1119, 1123 (7th Cir. 2011) ("[A] magistrate in the exercise of sound judgment is entitled to
give greater weight to a tip from a known informant, who can be held responsible should he be
found to have given misleading information to police officers, and thus has an incentive to
provide truthful information to the detectives.") (citation omitted).

and, as discussed above, under the totality of the circumstances, the search warrant in this matter was facially valid because it was based on reliable, corroborated information. *See Illinois v. Gates,* 462 U.S. 213, 241, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *see also Bell,* 585 F.3d at 1051 ("we must look to the totality of the circumstances because 'the whole may be more than the sum of the parts when assessing probable cause.'") (citation omitted).

Plaintiff also contends that Defendant Olson's conduct was reckless because the address at which the drug transactions took place in May 2012 was not his residence. In particular, Plaintiff highlights that he did not live at 5645 S. Carpenter Street and that when Defendant Olson retrieved information from the Illinois Department of Corrections website, he should have noticed from the inmate search that his address was 7420 S. Ingleside, Chicago, Illinois. (R. 85, Pl.'s Rule 56.1 Stmt. Add'l Facts ¶ 1.) Based on this information, Plaintiff contends that Defendant Olson purposely withheld information from the Circuit Court judge. Plaintiff's argument, however, is based on an unreasonable inference that is speculative, and thus does not defeat summary judgment. *See Citizens for Appropriate Rural Roads v. Foxx,* 815 F.3d 1068, 1074 (7th Cir. 2016) ("our favor toward the nonmoving party does not extend to drawing inferences that are supported only by speculation or conjecture."). Indeed, there is no evidence in the record – upon which to base a reasonable inference – that Defendant Olson purposely withheld that Plaintiff's address was 7420 S. Ingleside in Chicago. Furthermore, Plaintiff does not explain how the validity of the search warrant hinges on where he lived at the time of the drug transactions. *See Suarez,* 581 F.3d at 598; *London v. Guzman,* 26 F. Supp. 3d 746, 754 (N.D. Ill. 2014).

The remainder of Plaintiff's arguments pertain to either omissions that are not material or information that emerged after the search warrant issued. *See Suarez,* 581 F.3d at 596 ("'Immaterial' misstatements or omissions do not invalidate the warrant."); *Guzman*, 565 F.3d at 396 ("Information that emerges after the warrant is issued has no bearing on this analysis."). Plaintiff, for example, points to the following facts that Defendant Olson omitted from the "Complaint for Search Warrant": (1) John Doe's motive in giving Defendant Olson information; (2) Defendant Olson's and John Doe's past history; (3) how Defendant Olson and John Doe met; (4) evidence of John Doe's past reliability; and (5) if other people were present at the residence at 5645 S. Carpenter Street. From reviewing the record, it appears that Plaintiff gleaned these factors from the other Defendant Officers' deposition testimony as to what they might have done under the similar circumstances. (Pls.' Stmt. Facts ¶¶ 6, 10-15, 18, 36-39.) Plaintiff's pointing to additional information that could have been included in the affidavit does not detract from the specific details Defendant Olson did provide in the affidavit. *See United States v. Jones,* 208 F.3d 603, 607 (7th Cir. 2000). Moreover, none of these omissions, together or separately, raises a triable issue of fact that Defendant Olson made false statements – with a reckless disregard for the truth – when requesting the search warrant at issue in this lawsuit. *See Betker*, 692 F.3d at 860 ("'reckless disregard for the truth' can be shown by demonstrating that the officer 'entertained serious doubts as to the truth' of the statements, had 'obvious reasons to doubt their accuracy,' or failed to disclose facts that he or she 'knew would negate probable cause.'") (citation omitted).

Viewing the facts and all reasonable inferences in Plaintiff's favor, and based on the totality of the circumstances, Plaintiff has failed to present evidence raising a genuine issue of

material fact for trial that Defendant Olson knowingly, intentionally, or with reckless disregard for the truth made false statements in requesting the warrant at issue, thus overcoming the presumption of validity of Defendant Olson's affidavit supporting the search warrant. *See Suarez,* 581 F.3d at 596. The Court therefore turns to Plaintiff's separate argument that the warrant nevertheless lacked probable cause because Defendant Olson relied on "insufficient and innocuous corroboration" in procuring the search warrant.

In his brief, Plaintiff argues that the "deference generally accorded to the warrant-issuing judge's initial determination of probable cause does not apply in this case since there is not 'substantial evidence in the record supporting the judge's decision'" and that "the warrant did not set forth sufficient facts to cause a reasonably prudent person to believe that a search would uncover criminal activity." (Resp. Brief, at 12.) Further, Plaintiff posits that "Defendant Olson could not have *reasonably believed* that the facts set forth in the affidavit were sufficient to support a magistrate's finding of probable cause." (*Id*.) (emphasis in original). Plaintiff, however, does not develop these arguments by explaining why the facts set forth in the "Complaint for Warrant" were insufficient for a finding of probable cause by the issuing judge. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016) (unsupported and perfunctory arguments are waived).

In any event, the Court would be hard-pressed to conclude that the information Defendant Olson provided in the "Complaint for Warrant" failed to present sufficient facts "to induce a reasonably prudent person to believe that a search thereof will uncover evidence of a crime." *Gregory,* 795 F.3d at 741; *see also United States v. Mullins,* 803 F.3d 858, 861 (7th Cir. 2015)

("Probable cause is established when, in light of the totality of the circumstances, the issuing judge can make a practical, common-sense determination that there is a fair probability that contraband or evidence of a crime will be found in a particular place."). As discussed, John Doe provided specific details – as opposed to generalized conclusions – about his daily purchases of heroin from Charles Jones at 5645 S. Carpenter Street, where Charles Jones was arrested. These facts were based on John Doe's personal observations and first-hand knowledge of his drug transactions with Charles Jones. The details he provided included how the heroin was packaged, what the heroin cost, and how Charles Jones conducted the drug transactions. Moreover, Defendant Olson corroborated John Doe's information regarding the location of the narcotics transactions and the identity of Charles Jones via a photograph identification. The Circuit Court judge also had the opportunity to assess John Doe and ask him relevant questions. Given the facts provided in the "Complaint for Warrant," along with reasonable inferences drawn from the facts, there was a substantial basis to conclude that the search would undercover evidence of a crime. *See United States v. Sewell,* 780 F.3d 839, 845 (7th Cir. 2015). The Court therefore grants Defendants' partial motion for summary judgment.

## CONCLUSION

For these reasons, the Court grants Defendants' summary judgment motion.

**Dated:** May 2, 2016

ENTERED

_____
**AMY J. ST. EVE**
**United States District Court Judge**